Territorial Law Library

FILED
COURT

2012 NOV -7 PM 5: 20

OF COURT

## IN THE SUPERIOR COURT OF GUAM

PABLO A. CERCENIA,                    )        CIVIL CASE NO. DM0205-10
                                      )
                Plaintiff,            )
                                      )        **DECISION AND ORDER**
        vs.                           )        **ON MOTION STRIKE**
                                      )
YOKO CERCENIA,                        )
                                      )
                Defendant.            )
                                      )
                                      )
_____)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 19, 2013 on Defendant's Motion to Set Aside Divorce Judgments and Marial Settlement Agreement, Motion to Amend Answer, and Motion to Consolidate. Plaintiff Pablo Cercenia was represented by Attorney Daniel Somerfleck. Defendant was represented by Attorney Jon Visosky. After a hearing, the matter was taken under advisement. The Court now issues its Decision and Order.

## BACKGROUND

On May 18, 2011, Defendant Yoko Cercenia's daughter, Mika Piolo, caused several motions to be filed with this Court. The motions were to set aside the Interlocutory Judgment of Divorce and attached Marital Settlement Agreement as well as the Final Judgment of Divorce. She further moved on behalf of her mother for leave to file an amended answer pursuant to Rule 15(a) of the Guam Rules of Civil Procedure. Additionally, she moves to consolidate this matter with In Re Yoko Cercenia SP0083-09.

In the motions, Ms. Piolo brings to the Court's attention that Defendant Yoko Cercenia has been adjudicated mentally incompetent in the Special Proceedings case and that she and Plaintiff Pablo Cercenia have been appointed her legal

guardians. Ms. Piolo alleges that these divorce proceedings were handled as an uncontested divorce unbeknownst to her. Thus, the motions are based on Defendant's inability to give consent.

On August 8, 2013, Plaintiff filed his Opposition to the motions. A Reply was filed on August 15, 2013. For the reasons set forth below, the Court shall grant the Motion to Set Aside and the Motion to Amend. The Court shall deny the Motion to Consolidate.

## DISCUSSION

As stated *supra*, Defendant Yoko Cercenia was adjudicated incompetent before another Court in SP0083-09. There, Pablo Cercenia and Mika Piolo were appointed guardians of Yoko Cercenia and her estate on June 25, 2009. Ms. Piolo now brings motions on Defendant's behalf as it is alleged these divorce proceedings were conducted without her knowledge.

## I. **Motion to Set Aside Judgments.**

Defendant's Guardian sets forth several arguments as to why the Judgments and Marital Settlement Agreement should be set aside. First, she argues an incompetent person can only participate in litigation through a general guardian or guardian ad litem. Second, Under Rule 60(b)(4) and (6) of the Guam Rules of Civil Procedure, the judgment is void or there is other reason justifying relief from the operation of the judgment.

"Guam law requires that a party to an action who is either: 1) an infant, 2) insane or 3) incompetent, be represented by a guardian or guardian ad litem." Custodio v. Boonprakong, 1999 Guam 5 at ¶20 (citing 7 G.C.A. § 12104). On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: the judgment is void; any other reason justifying relief from the operation of the judgment. Guam R. Civ. P. 60(b)(4) and (6).

Ms. Piolo contends that under the statute and rules cited here, there is adequate grounds to set aside the Interlocutory Judgment of Divorce and attached Marital Settlement Agreement as well as the Final Judgment of Divorce. She

argues she was never served process in the matter and that Defendant's other guardian, Plaintiff Pablo Cercenia's interests were adverse to his ward's through all stages of this matter.

Plaintiff's argument in opposition is essentially that the judgments are not void, but rather are voidable. Under the circumstances found in this case, Plaintiff's argument does little to counter the assertions made by Defendant's guardian. Pursuant to the statute and rules stated *supra*, this Court shall grant the motion to Set Aside the Interlocutory Judgment of Divorce and attached Marital Settlement Agreement as well as the Final Judgment of Divorce.

## II. **Motion to File Amended Answer.**

Leave to amend pleadings "shall be freely given when justice so requires." Guam R. Civ. P. 15(a). Refusal to grant leave to amend without any justifying reason is abuse of discretion. See Arashi & Co., Inc. v. Nakashima Enterprises, Inc., 2005 Guam 21 ¶ 16. Prior to Ms. Piolo's involvement in this matter, these proceedings have been conducted as an uncontested divorce. Now, Defendant's guardian seeks to amend the Answer. This Court finds that granting Defendant leave to amend her Answer is proper here.

## III. **Motion to Consolidate.**

Defendant's guardian seeks to consolidate this action with SP0083-09 pursuant to Rule 42(a):

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Guam R. Civ. P. 42(a).

The common issue cited in the motion is an accounting of assets and debts which would be pertinent both here and before the guardianship Court. The Court is disinclined to consolidate the matters where the guardianship proceedings are properly before the Mental Health Court. That Court is highly specialized and the issues in SP0083-09 are only incidentally linked to the divorce proceedings here. It

Decision and Order
Case No. DM0205-10

is the view of this Court that if the accounting is the only link between the matters, there is very little risk for unnecessary costs or delay. Therefore, the motion to consolidate shall be denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Set Aside the Judgments is hereby **GRANTED**. The Motion to Amend the Answer is hereby **GRANTED**. The Motion to Consolidate these proceedings with SP0083-09 is hereby **DENIED**.

Plaintiff shall file her Amended Answer by November 25, 2013. A Scheduling Conference is set for December 30, 2013 at 2:00 p.m. Parties shall submit a Scheduling Order and Discovery Plan no later than fifteen (15) days prior to the Scheduling Conference.

It is **SO ORDERED** this 7th day of November, 2013.

NOV 0 7 2013

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 0 7 2013

Esther L.S. Pinaula
Deputy Clerk, Superior Court of Guam



**ORIGINAL**